**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ARVCO CAPITAL RESEARCH, LLC, ARVCO FINANCIAL VENTURES, LLC, ALFRED J.R. VILLALOBOS, and FEDERICO ("FRED") R. BUENROSTRO,<br><br>Defendants. | 3:12-cv-00221-RCJ-WGC<br><br>**ORDER** |

Currently before the Court is Defendants' Motion Requesting an Order Referring Civil Action to United States Bankruptcy Court, District of Nevada (#12).

**BACKGROUND**

On April 23, 2012, the Securities and Exchange Commission (the "Commission") filed a complaint alleging a fraudulent scheme in violation of federal securities laws. (Compl. ¶ 3 (#1).) The Commission seeks injunctive relief, disgorgement of ill-gotten gains, and civil penalties against Defendants. (*Id.* at 16.) In 2010, the State of California filed a separate civil law enforcement action in California state court against the defendants in the present action, alleging a fraudulent scheme to corrupt the California Public Employees' Retirement System ("CalPERS"). *California ex rel. Brown v. Villalobos*, 453 B.R. 404, 407 (D. Nev. 2011). One month after the California enforcement action was filed, Villalobos filed a Chapter 11 bankruptcy petition. *Id.* The California enforcement action was permitted to proceed as an exception to the automatic stay. *Id.* at 416. Thus far, no written orders regarding plan

confirmation have been filed in the bankruptcy action.[1]

On June 12, 2012, Villalobos, ARVCO Capital Research, LLC, and ARVCO Financial Ventures, LLC filed a Motion Requesting an Order Referring Civil Action to United States Bankruptcy Court, District of Nevada (#12). On July 6, 2012, the Commission opposed (#18). On July 13, 2012, Defendants filed a reply (#20).

## DISCUSSION

28 U.S.C. § 157(a) provides that a district court may refer any cases arising in or related to a case under Title 11 to the bankruptcy court. Defendants request that we refer this action to the bankruptcy court to be considered alongside the Villalobos Bankruptcy Action. Defendants argue that this action has the potential of interfering with the administration of the bankruptcy estates, as the Commission has not filed any claims in the Villalobos Bankruptcy Action.

Section 157(d) provides that a court "shall withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." This provision "*mandates* withdrawal in cases requiring material consideration of non-bankruptcy federal law." *Sec. Farms*, 124 F.3d at 1008 (emphasis in original).[2]

Withdrawal is mandatory "if resolution of the issues requires 'substantial and material consideration' of non-bankruptcy code statues." *In re Rannd Res.*, 175 B.R. 393, 395 (D. Nev. 1994) (citations omitted). When resolution of the action will require substantial and material

---

[1] As requested by Villalobos and unopposed by the Commission, the Court takes judicial notice of the papers and pleadings on file with the United States Bankruptcy Court for the District of Nevada in the bankruptcy cases of Alfred J.R. Villalobos (Case No. 10-52248), ARVCO Capital Research, LLC (Case No. 10-52249), ARVCO Financial Ventures, LLC (Case No. 10-5225), and ARVCO Art, Inc. (Case No. 10-52252), all jointly administered under Lead Case No. BK-10-52248-GWZ (collectively, "Villalobos Bankruptcy Action").

[2] Section 157(d) also provides that a district court may, on its own motion or on timely motion of any party, withdraw any case referred under section 157(a). In determining whether cause exists, a court should consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). In this case, we primarily considered the mandatory withdrawal provision of section 157(d).

consideration of the federal securities laws, as in the present case, a motion to withdraw reference must be granted. *Id.* at 396; *see also In re Mahlmann*, 149 B.R. 866, 871 (N.D. Ill. 1993). In this case, the Court is considering whether the action alleging securities fraud should be referred in the first instance; however, the same principles apply. *See also United States v. One Parcel of Real Property*, 137 B.R. 802, 805 (D. Or. 1992).

The complaint alleges violations of Section 17(a)(1) of the Securities Act and Section 10(b) and Rules 10b-5(a) and 10b-5(c)) of the Exchange Act. The Commission claims that Villalobos and Buenrostro perpetrated a fraudulent scheme that led CalPERS and other public pension funds to invest in Villalobos' clients, and generated more than $70 million in placement agent fees over an approximately ten-year period. (Compl. ¶ 3 (#1).) Resolution of the claims requires substantial and material consideration of federal securities laws, and therefore, the court is required to deny the motion to refer the action to the bankruptcy court.[3]

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Refer (#12) is **DENIED**.

DATED: This 26th day of November, 2012.

_____
United States District Judge

---

[3] Defendants bring up additional concerns about the timeliness of the Commission's complaint in their reply (#20). Defendants state that the Commission should have filed its complaint years ago; and because it did not, the action should be referred to the bankruptcy court. This argument does not serve as a basis upon which the action must be referred. Regardless of whether the Commission's complaint is timely, 28 U.S.C. § 157(d) requires that this court withdraw a reference to the bankruptcy court because the action involves primary consideration of federal securities laws. Defendants' additional argument, not presented in the original motion, that the Commission did not file a timely motion to withdraw the reference is without merit. The action had not been referred, and the Court is now considering whether it should be upon motion by Defendants; the Commission did not err in failing to file a motion to withdraw a reference that had not occurred. Additional arguments concerning forum shopping are applicable to cases which may be withdrawn; however, this case concerns issues which *must* be withdrawn.