UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ARVCO CAPITAL RESEARCH, LLC, *et al.*, ) <br> ) <br> ) <br> Defendants. ) <br> ) | 3:12-cv-00221-MMD-WGC <br><br> **MINUTES OF PROCEEDINGS** <br><br> July 10, 2013 |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>   REPORTER:   <u>         FTR         </u>

COUNSEL FOR PLAINTIFF:  <u>Leslie Hakala and Lynn Dean                </u>

COUNSEL FOR GOVERNMENT:  <u>Timothy Lucey                         </u>

COUNSEL FOR DEFENDANT(S):   <u>Marc Rohatiner and Sheila Van Duyne Romero</u>

**MINUTE ORDER IN CHAMBERS:** Motion Hearing

2:35 p.m. Court convenes.

**I.   United States' Motion to Intervene and to Stay Discovery (Dkt. #41)**

        **A.   United States' Motion to Intervene**

The Court first briefly addresses the United States of America ("United States") Motion to Intervene and to Stay Discovery regarding the motion to intervene component (Dkt. #41). Good cause appearing the motion to intervene component of the United States' motion is **GRANTED**.

        **B.   United States' Motion to Stay Discovery**

The Court turns to the United States' request to stay discovery until the conclusion of the criminal case pending in the Northern District of California. The Court requests that the parties present their respective positions regarding the stay of discovery.

MINUTES OF PROCEEDINGS
3:12-cv-00221-MMD-WGC
Date: July 10, 2013
Page 2

      The United States counsel, Timothy Lucey, elaborates on its position that a limited stay of discovery is warranted based on several factors including: (1) a stay will lighten the Defendant's burden; (2) a stay furthers the interest of judicial economy; (3) a stay will benefit the interests of non-parties; and (4) the pubic's interest favors a stay. Mr. Lucey further contends that the criminal trial will, inevitably, help narrow the issues of this instant civil case.

      The Court suggests that in place of a stay, the parties fashion a protective order that would not allow Defendants to explore areas relevant to the criminal prosecution. Although the United States acknowledges the Court's rationale for suggesting a protective order, Mr. Lucey states that even a Protective Order would be quite burdensome; requiring a great deal of time, attention and maintenance of the Court to address individual issues of discovery.

      Leslie Hakala, with the U.S. Securities and Exchange Commission ("SEC") addresses the Court. Ms. Hakala represents that the SEC supports the United States' Motion for a Stay primarily based on the understanding that Mr. Buenrostro will be asserting his Fifth Amendment privileges during discovery. Ultimately, by allowing Mr. Buenrostro to take full discovery in his defense from the SEC and from third party witnesses will create an unbalanced discovery process.

      The Court and Ms. Hakala further address the four factors presented by the United States that support the request for a stay. Ms. Hakala explains that the resolution of the criminal case will presumably narrow the issues in this instant case and, potentially, lessen the obligations of this Court to resolve issues that have already been resolved by the criminal Court. Ms. Hakala further indicates that a Protective Order would not be practical at this time.

      The Court takes a brief recess before Defense counsel is asked to address the Court.

3:51 p.m. Court reconvenes.

      Mr. Rohatiner addresses the matter of discovery being stayed in this action and rebuts the several assertions made by the United States that a stay is appropriate in this matter. Defendants oppose the idea that in cases where there are parallel criminal and civil proceedings involving the same general facts, that discovery be stayed. Mr. Rohatiner further argues that the United States have not satisfied the "high" burden that is necessary to prevail on a Motion to Stay.

      The Court and parties have discussion regarding what discovery has been taken and what discovery remains to be conducted. It is assumed that hundreds of thousands of documents have been produced in other pending matters relevant to this instant matter.

MINUTES OF PROCEEDINGS
3:12-cv-00221-MMD-WGC
Date: July 10, 2013
Page 3

      Mr. Rohatiner informs the Court that very limited discovery remains to be done at this time with respect to this instant matter. Along with the anticipation of depositions being taken, admissions and interrogatories are also part of the remaining discovery to accomplish.

      Lynn Dean explains that the SEC had prepared written discovery which were going to be served at the same time SEC was going to make expert disclosures; however, a delay in serving the discovery was occasioned by the request for a stay.

      The Court reviews each factor the United States presented as an argument for a stay in this matter and further discusses its decision whether the United States and SEC have satisfied the burden imposed on the movant to demonstrate a stay is appropriate. All factors considered, and in the exercise of this Court's discretion, a stay in discovery shall not be entered. Therefore, the United States' Motion to Stay Discovery (Dkt. #41) and SEC's Joinder to the United States' Motion to Stay Discovery (Dkt. #42) is **DENIED**.

      Furthermore, United States oral request to have a strategic delay on the experts' deposition is **DENIED**.

      In anticipation of the parties filing an objection, the Court directs the following:

(1) The SEC is to serve their expert disclosures, sealed, no later than Friday, July 12, 2013, and they remain sealed until final decision is made by District Judge Du regarding the stay of discovery.

(2) Any objections shall be filed no later than **Friday, August 2, 2013.**

(3) Responses to any objections filed are due no later than ten (10) days after the filing of the objections.

(4) All further discovery remains stayed until final decision is made by District Judge Du regarding the stay of discovery.

**IT IS SO ORDERED.**

5:09 p.m. Court Adjourns.

                                                              LANCE S. WILSON, CLERK

                                                              By: _____/s/_____
                                                                Katie Lynn Ogden, Deputy Clerk