**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 3:12-cv-00221-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | |
| ARVCO CAPITAL RESEARCH, LLC, et al., | |
| Defendants. | |

Before the court is the United States of America's (U.S.) Motion to Intervene and Stay Discovery. (Doc. # 41.)[1] The U.S. seeks to intervene in this case so that it may request an order staying discovery in this action until the conclusion of a criminal case pending in the Northern District of California involving similar allegations, *United States v. Alfred J. Villalobos and Federico Buenrostro., Jr. (aka Fred Buenrostro)*, CR 13-0169 CRB. (*Id.* at 1.) Plaintiff Securities and Exchange Commission (SEC) filed a joinder. (Doc. # 42.) Defendants ARVCO Capital Research, LLC, ARVCO Financial Ventures, LLC and Alfred J.R. Villalobos (collectively, Defendants) opposed the motion to stay discovery. (Doc. # 45.)[2] Defendant Federico R. Buenrostro did not file a response. The U.S. and SEC filed reply memoranda. (Docs. # 47, # 48,

---

[1] Refers to the court's docket number. Unless otherwise noted, all page references are to the court's docketed page numbers and not the original page numbers assigned by the parties.

[2] Defendants filed a second document which appears to be a duplicate of their opposition to the motion to stay except it contains an errata to the declaration of Sheila Van Duyne Romero. (Doc. # 46.) The court notes that substantively, Defendants only oppose the motion to stay discovery, and not the motion to intervene. The court granted the U.S.' motion to intervene at the July 10, 2013 hearing (*see* minutes at Doc. # 51), and because the propriety of intervention for this limited purpose was not in dispute, this Order will focus on the U.S.' request to stay discovery.

and # 49.)[3]

The court held an expedited hearing on June 21, 2013. (*See* minutes at Doc. # 44.) At that time, the court entered a preliminary stay of discovery pending further briefing. (*Id.*) The court held another hearing on July 10, 2013. (*See* minutes at Doc. # 51.) After reviewing the parties' briefs and hearing oral argument, the court granted the U.S.' motion to intervene for the limited purpose of seeking a stay of discovery, and denied the U.S.' motion to stay discovery pending conclusion of the criminal action. (*Id.*) The court issues the instant order to explain the rationale for its determination relative to the U.S.' request to stay discovery in the civil action pending resolution of the criminal proceeding.

## I. BACKGROUND

**A. Factual and Procedural History**

**1. Complaint**

The SEC filed its complaint on April 23, 2012, alleging that in 2007 and 2008, Defendants engaged in a scheme to defraud by fabricating and falsifying a series of investor disclosure letters in connection with the investments of the California Public Employee's Retirement System (CalPERS) managed by a private equity firm based in New York, Apollo Global Management (Apollo). (Doc. # 1.) The SEC avers that Federico Buenrostro was CalPERS' Chief Executive Officer from late 2002 through June 30, 2008. (*Id.* ¶ 10.) Alfred J.R. Villalobos is alleged to be the founder, managing director, control person and key representative for defendants ARVCO Capital Research, LLC and ARVCO Financial Ventures, LLC. (*Id.* ¶ 11.) ARVCO Capital Research, LLC, acted as a placement agent for private equity funds and other money managers seeking investments from public pension funds. (*Id.* ¶ 11.) ARVCO Financial Ventures, LLC, was a broker-dealer alleged to have continued ARVCO Capital

---

[3]Doc. # 47 is the U.S.' reply in support of its request to intervene. Doc. # 48 is the U.S.' reply in support of its request for a stay of discovery. Doc. # 49 is the SEC's reply in support of the U.S.' requests to intervene and stay discovery.

Research, LLC's business when it ceased operations. (*Id.* ¶ 12.)[4]

The SEC contends that Villalobos served on the board of directors for CalPERS from 1992 through 1995, and became friends with other members of the board, including Buenrostro. (*Id.* ¶ 13.) One of Villalobos' clients was New York-based private equity firm, Apollo. (*Id.* ¶ 14.) In June 2007, the SEC claims that CalPERS invested directly in Apollo, acquiring ten percent of its voting shares. (*Id.* ¶ 15.) Apollo then began to require signed investor disclosure letters from investors from whom it raised money using the assistance of a placement agent, such as ARVCO, before it would pay the placement agent. (*Id.* ¶ 16.)

According to the SEC, Apollo contracted with ARVCO to act as the placement agent to assist Apollo in securing CalPERS' investments into a series of Apollo managed funds. (*Id.* at ¶¶ 17-36.) Apollo required that ARVCO secure an investor disclosure letter from CalPERS regarding each investment to acknowledge in writing that it was aware of the terms of ARVCO's relationship with Apollo. (*Id.*) The investment disclosure letter included a recitation of the placement fee ARVCO would receive. (*Id.* ¶ 36.) The SEC alleges that when CalPERS' senior investment portfolio manager refused to sign the investor disclosure letter upon advice of counsel, Villalobos and Buenrostro conspired to create and transmit a series of false and misleading investor disclosure letters to memorialize CalPERS' purported acknowledgment of the terms of ARVCO's relationship with Apollo in connection with each investment fund. (*Id.* at 17-36.) The SEC avers that upon receipt of the fabricated disclosure letter, Apollo paid ARVCO millions of dollars in placement fees. (*Id.*)

**2. Discovery**

On October 10, 2012, the court approved the parties' stipulated discovery plan and scheduling order, outlining three phases of discovery[5]; however, phase three, which includes

---

[4]ARVCO Capital Research, LLC and ARVCO Financial Ventures, LLC will be collectively referred to as ARVCO.

[5]Phase 1 consisted of only written discovery and was to be completed on December 21, 2012; Phase 2 consisted of both written discovery and fact witness depositions and was to be completed on April 19, 2013; Phase 3 consists of all types of discovery, including expert witness discovery, and is to be completed by August 16, 2013.

3

1  expert witness discovery as well as other types of discovery, was extended, to be completed on
2  August 16, 2013. (*See* Docs. # 30, # 31.) At the time the extension was approved, the court
3  advised the parties that no additional extensions of time would be granted. (*See* Doc. # 30.)

### 3. Criminal Proceeding

On March 14, 2013, a grand jury in the Northern District of California returned a multi-count indictment against Villalobos and Buenrostro. (*See* Doc. # 41 at 6.) Villalobos and Buenrostro were both charged with crimes that are factually similar to the civil claims alleged in this action. (*Id*. at 18-30.) Both men were arraigned on March 18, 2013, and pled not guilty to all charges. (*Id*. at 6.) The most recent court appearance took place on May 8, 2013, and the next appearance is scheduled for July 31, 2013. (*Id*.) At that time, it is anticipated that the court will set further deadlines including, potentially, a trial date. (*Id*.)

### 4. Motion to Intervene and Stay Discovery

On June 20, 2013, the U.S. filed the instant motion seeking an order from the court permitting it to intervene so that it could request an order staying discovery until the conclusion of the criminal proceeding. (Doc. # 41.) As stated above, the court held an initial expedited hearing where it entered a temporary stay of discovery pending completion of briefing on the motion.[6] The court then held a second hearing on July 10, 2013, where it granted the U.S.' motion to intervene for the limited purpose of seeking a stay of discovery, and then denied the U.S.' motion to stay discovery. (*See* minutes at Doc. # 51.)[7] The court issues this written Order to set forth the reasons for its determination.

///

///

---

[6] At the initial hearing on June 21, 2013, the parties disclosed that they, without seeking court authorization, extended certain discovery deadlines. (*See* minutes at Doc. # 44.)

[7] At the July 10, 2013 hearing, the court also ordered the SEC to serve its expert disclosures, sealed, no later than Friday, July 12, 2013, which are to remain sealed pending resolution of any objection filed with respect to the court's determination on the U.S.' motion to stay civil discovery. (*See* minutes at Doc. # 51.)

4

**B. Summary of Argument**

    **1. U.S.' Motion (Doc. # 41)**

    The basic contention articulated by the U.S. is that a stay of discovery in the civil action will prevent the Defendants from gaining unfair access to discovery beyond what is allowed by the criminal discovery rules. (Doc. # 41 at 5, 10-12.) For example, the U.S. argues that Defendants would be permitted to depose witnesses before trial, which is not permitted under the rules of criminal procedure. (*Id.* at 10-12.) In addition, the U.S. contends that broad disclosure permitted by civil rules result in a risk of perjury and manufactured evidence in the criminal prosecution. (*Id.* at 12.) The U.S. claims that staying discovery will avoid witness intimidation and unfair surprise because government witnesses would not be disclosed and/or deposed in advance. (*Id.*) Finally, the U.S. maintains that a stay of discovery pending conclusion of the criminal case will preclude either of the individual defendants from asserting their Fifth Amendment right against self-incrimination in the civil case which would result in one-sided discovery, putting the SEC at an unfair disadvantage in the civil case and similarly disadvantaging the U.S. in the criminal action. (*Id.*)

    Next, relying on *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995), the U.S. argues that the factors outlined by the Ninth Circuit weigh in favor of staying discovery pending conclusion of the criminal case. (Doc. # 41 at 13-16.) First, the U.S. claims that the SEC will not be prejudiced by staying civil discovery because in the absence of a stay, if either of the defendants invoke their Fifth Amendment right against self-incrimination, the SEC will be forced to proceed with discovery in a one-sided fashion—with Defendants gaining an unfair glimpse of the SEC's case through discovery while the SEC does not get reciprocal responses to discovery. (*Id.* at 13.)

    Second, the U.S. contends that staying discovery would not impose a burden on Defendants because at the conclusion of the criminal case they will have had access to complete testimony from every witness called by the prosecution along with all evidence presented, and can then conduct further discovery in the civil case if they deem necessary. (*Id.*) In addition,

5

they claim that if a stay is entered, Defendants will not have to choose between defending themselves in the civil action and against a parallel criminal prosecution. (*Id.*)

Third, the U.S. argues that a stay of discovery in the civil action is in the interest of judicial economy because it will streamline issues. (*Id.* at 14.) In addition, a conviction of one or both Defendants in the criminal action could lead to a settlement of this action. (*Id.*)

Fourth, the U.S. maintains that a stay will benefit non-parties because it will save witnesses time as well as the cost of appearing for two proceedings. (*Id.* at 14-15.) Further, the U.S. asserts that a stay will benefit the U.S., which is a non-party to the civil action, because it will ensure the U.S. can protect the integrity of the criminal justice system. (*Id.*)

Finally, the U.S. contends that the public's interest in a fair criminal justice system will be harmed if Defendants gain an unfair advantage in the criminal case. (*Id.* at 16.)

**2. Defendants' Opposition (Doc. # 45)**

Preliminarily, Defendants oppose the motion on the grounds that the investigation and litigation in this and related matters[8] against these Defendants and concerning the allegations pertaining to the investor disclosure letters has been incessant and extensive. (Doc. # 45 at 4-7.) In this regard, Defendants make the following points: (1) both Villalobos and Buenrostro have testified under oath in other related proceedings, providing a detailed account of their involvement with the investment disclosure letters; (2) Villalobos has represented to the SEC that even after being indicted he would not invoke his right against self-incrimination under the Fifth Amendment in this civil action; (3) the SEC had scheduled Villalobos' deposition on an expedited basis as a result of his ailing health, but inexplicably canceled the deposition, and now Defendants have noticed it in order to preserve his testimony in this action; (4) while Buenrostro may elect to assert his Fifth Amendment right against self-incrimination in this matter, he has already testified under oath regarding his involvement with the investment

---

[8] The parties make reference to the SEC's investigation and litigation, a bankruptcy proceeding involving Villalobos and ARVCO, an action instituted by the California Attorney General and attendant investigation, as well as the criminal investigation and litigation that spurred the U.S. to bring this motion.

1  disclosure letters, and has not indicated an opposition to continuing discovery in this matter;
2  (5) Defendants have already produced their expert report pursuant to the discovery plan and
3  scheduling order while the SEC has not[9]; (6) as part of its initial disclosures in this action, the
4  SEC produced hundreds of thousands of pages of documents and thousands of pages of sworn
5  testimony from witnesses, including ARVCO employees and Defendants; (7) in other related
6  proceedings where Villalobos and Buenrostro have testified, there have been an additional
7  thirty to forty depositions; (8) Defendants do not intend to conduct a significant amount of
8  further discovery in this action; the key depositions of employees at Apollo have already been
9  taken; they will take a few more key percipient witness depositions and the deposition of
10 Villalobos; and as indicated above, they have already disclosed their single expert witness;
11 (9) Villalobos is in ailing health and would like to proceed with this litigation in an expeditious
12 manner; and (10) the criminal action is not yet set for trial. (Doc. # 45 at 4-7.)

Next, Defendants argue that the U.S. faces a high burden in demonstrating that discovery should be stayed pending conclusion of the criminal proceeding. (*Id.* at 8-9.) They contend that their Fifth Amendment rights are not implicated, and agree that the *Keating* factors are controlling, asserting that each of the factors weighs against the entry of a stay. (*Id.* at 9-15.)

Concerning the implication on their Fifth Amendment rights, Defendants assert this issue is negligible in this case because Villalobos and Buenrostro have already testified under oath regarding the investor disclosure letters. (*Id.* at 10-11.)

Turning to the *Keating* factors, Defendants first argue that neither the U.S. nor the SEC will be unfairly prejudiced if discovery is allowed to proceed because of the amount of evidence they have already gathered. (*Id.* at 11-12.) Moreover, the fact that the indictment has already been issued in the criminal case militates against any finding of prejudice to the U.S. or SEC. (*Id.*) Defendants claim that the U.S. has not pointed out exactly what evidence it anticipates

---

[9]While Defendants have served their expert report, the SEC has not opened the document pending resolution of the U.S.' motion.

7

1  remains to be discovered with respect to these allegations, and conclusory assertions of
2  prejudice are insufficient to carry the U.S.' burden. (*Id.* at 12.)

3  Second, Defendants contend that they will be prejudiced by a stay of discovery in this
4  matter because it will preclude Defendants from resolving this matter expeditiously. (*Id.* at 13;
5  Doc. # 45-2 (Villalobos Decl.).)

6  Third, Defendants claim that the interests of judicial economy weigh against entering
7  a stay because it would indefinitely postpone the conclusion of this action. (*Id.* at 14.)

8  Finally, Defendants maintain that third parties and the public have an interest in the
9  efficient resolution of this action. (*Id.*) For example, the Defendants are simultaneously
10 involved in a bankruptcy proceeding, and a delay of this litigation will impede efforts of the
11 trustee in the bankruptcy action to maximize the recovery of assets for the benefit of creditors.
12 (*Id.*; Doc. # 45-3 (Hartman Decl.))

13 **3. U.S.' Reply (Doc. # 48)**

14 The U.S. argues that Ninth Circuit authority clearly favors a stay. (Doc. # 48 at 1-6.) The
15 U.S. contends that if discovery continues in this case, Buenrostro may invoke his Fifth
16 Amendment right against self-incrimination, and while Villalobos has indicated he will waive
17 his Fifth Amendment right in this action, he could choose to invoke it with respect to particular
18 questions raised at his deposition, precluding the SEC from obtaining information in discovery
19 while Defendants are permitted to conduct unfettered discovery. (*Id.* at 7, 9-10.) Next, the U.S.
20 highlights its concerns that if discovery is allowed to proceed in the civil case, Defendants may
21 improperly utilize the discovery process to depose witnesses in the criminal case and gain
22 access to evidence which they would not otherwise have access to in the criminal case, which
23 may lead to perjury, witness intimidation and manufactured evidence. (*Id.*) The U.S. then
24 asserts that the fact that an indictment has already issued makes a stay *more* appropriate
25 because discovery issues are no longer speculative. (*Id.* at 7-8.) Finally, the U.S. reiterates the
26 arguments made in its moving papers that the remaining *Keating* factors favor a stay. (*Id.* at
27 10-11.)

28

8

**4. SEC's Reply (Doc. # 49)**

In its reply, the SEC first argues that Buenrostro has indicated his intention to invoke his Fifth Amendment right against self-incrimination and will refuse to testify in this action. (Doc. # 49 at 2; Doc. # 49-2 (Hakala Decl.).) The SEC asserts this will result in unfair prejudice because it will be unable to obtain discovery from Buenrostro while Buenrostro can continue to seek discovery from the SEC, and this may also hamper the SEC's ability to prove its case against Villalobos. (Id.) Next, the SEC contends that it was not a party to the related actions involving Villalobos and did not participate in discovery in those actions. (*Id*. at 3.) Finally, the SEC argues that a stay will not prejudice any party because virtually no discovery has taken place in this action. (*Id*. at 4.)

## II. DISCUSSION

**A. Legal Standard**

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989), *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980)). Thus, "'[i]n the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence.'" *Id*. (quoting *Dresser*, 628 F.2d at 1374) (alterations original). "Nevertheless, a court may decide in its discretion to stay civil proceedings… 'when the interests of justice seem [ ] to require such action.'" *Id*. (quoting *Dresser*, 628 F.2d at 1375) (internal quotation marks omitted, alteration original). A determination of whether to stay a case should be made on a case-by-case basis depending on "'the particular circumstances and competing interests involved in the case.'" *Id*. (quoting *Molinaro*, 889 F.2d at 902).

In making this decision, courts "should consider 'the extent to which the defendant's fifth amendment rights are implicated.'" *Id*. In addition, courts should take into account the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id*. at 324-25 (citing *Molinaro*, 889 F.2d at 903).

Defendants contend that the moving party is faced with the "high" burden of demonstrating that a stay should be entered pending resolution of a criminal proceeding. (Doc. # 45 at 7-8, citing *Doe v. Sipper*, 869 F.Supp.2d 113, 116 (D.C. Cir. 2012); *Microfinancial, Inc. v. Premier Holidays Intern.*, 385 F.3d 72, 77 (1st Cir. 2004); *Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 397 (S.D. Tex. 2009); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2nd Cir. 2012); *Weil v. Markowitz*, 829 F.2d 166, 174 n. 17 D.C. Cir. 1987)).

While Defendants cite no applicable Ninth Circuit authority, the court does not disagree that the moving party should be tasked with demonstrating that the factors announced in *Keating* weigh in favor of entering a stay pending resolution of a criminal proceeding. The court declines to categorize this burden as "high" as Defendants suggest; rather, the court simply concludes that the Ninth Circuit requires a moving party to demonstrate that a stay is in the "interests of justice" based on an application and evaluation of the *Keating* factors to the circumstances present in a particular case. *See Keating*, 45 F.3d 322; *see also Molinaro*, 889 F.2d 899.

**B. Analysis**

**1. Implication on Fifth Amendment Right Against Self-Incrimination**

Regarding the extent to which the Defendants' Fifth Amendment right against self-incrimination would be implicated, preliminarily, the Ninth Circuit has stated that "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326. The Ninth Circuit has further found that "[n]ot only is it *permissible* to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment

10

privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." *Id.* (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)). Thus, while "the extent to which the defendant's Fifth Amendment rights are implicated is a significant factor [in deciding whether to stay a civil proceeding], [ ] it is only one consideration to be weighed against others." *Id.* (citing *Molinaro*, 889 F.2d at 902).

Here, the U.S. and SEC repeatedly argue that allowing discovery in this civil action to proceed simultaneously with the criminal action will adversely impact the Defendants' Fifth Amendment rights because they will have to choose between testifying in this action or asserting their Fifth Amendment right against self-incrimination to defend against the criminal prosecution. The U.S. and SEC further assert that if Defendants exercise their Fifth Amendment rights in this action, it will create an unfair advantage for Defendants because they will be permitted to proceed in a one-sided manner with discovery in this action—they will be able to conduct unfettered discovery while the SEC will be limited in the responses it receives.

The court finds the argument asserted by the U.S. and SEC to be unavailing. First, the Ninth Circuit has expressly stated that it is completely permissible to conduct these proceedings simultaneously, even if it means that one of the defendants will be forced to choose whether or not to invoke the Fifth Amendment in this action. *See Keating*, 45 F.3d at 326 (citation omitted). Next, Villalobos has made it abundantly clear that he is waiving his Fifth Amendment right against self-incrimination in this civil action. While the SEC claims that Buenrostro will invoke the Fifth Amendment and refuse to testify in this action, neither the U.S. nor the SEC sufficiently address the fact that Buenrostro has apparently already given testimony under oath in related actions concerning the allegations relative to the investor disclosure statements that are at issue in this litigation. While the SEC asserts that it was not a *party* to those related actions and therefore did not conduct discovery in those actions, it does not assert that it has not been able or will not be able to gain access to that testimony. In light of these facts, the court cannot conclude that the absence of a stay will significantly implicate Defendants' Fifth Amendment rights.

11

Finally, the implication on Defendants' Fifth Amendment rights is only one of various factors the court must take into account in determining whether to stay discovery in this action pending resolution of the criminal proceeding. *See Keating*, 45 F.3d at 326 (citation omitted). As the court will discuss in detail below, the court finds that a balancing of all the factors, including this one, weighs against the entry of a stay of discovery in the civil action.

**2. *Keating* Factors**

**i. Potential Prejudice to the SEC**

The court concludes the SEC will not suffer prejudice in the absence of a stay.

The argument that the SEC will suffer prejudice is predicated on the assertion that its discovery process will be disrupted in this action if one or both individual defendants choose to invoke their Fifth Amendment right against self-incrimination because the SEC will then be forced to engage in a unilateral discovery process in this action. (*See* Doc. # 41 at 10:8-15.) The U.S. implies that if one of the defendants invokes the Fifth Amendment privilege against self-incrimination in this case, the SEC will have produced a multitude of documents and witness testimony while being denied reciprocal discovery from the Defendants. (*Id.*)

As mentioned above, Villalobos has represented that he will waive his Fifth Amendment right against self-incrimination in this civil action. While defendant Buenrostro may still elect to invoke the Fifth Amendment in this action, the U.S. and SEC have not responded to the fact that Buenrostro has apparently already given testimony under oath in related proceedings on the issues that are the subject of this lawsuit—the investor disclosure statements. While it may not have been a party to those related proceedings, there is no indication that the SEC does not have or cannot gain access to this testimony. Thus, the court cannot conclude that the SEC will suffer prejudice in the absence of a stay because a defendant may invoke his rights under the Fifth Amendment.

Moreover, the argument asserted by the U.S. and SEC ignores the fact that discovery in this action was supposed to have been completed by August 16, 2013. As indicated in the procedural history section of this Order, discovery was originally supposed to be completed by

12

July 18, 2013, but the court extended this deadline to August 16, 2013, with the proviso that there would be *no further extensions*. (Docs. # 30, # 31.) Additionally, the indictment in the criminal proceeding issued in March of 2013, and the arraignment was held that same month. Yet the U.S. waited until June 20, 2013, to file its motion to intervene and seek an order staying discovery.

The stipulated discovery plan and scheduling order provides for discovery in phases, and while this last phase apparently contemplates discovery other than expert witness discovery, it is clear that written discovery and fact witness depositions should have been completed by April 19, 2013—months before the U.S. sought to intervene and request a stay of discovery.[10] Therefore, the court cannot accept the argument that the SEC will be prejudiced because one of the defendants may invoke their Fifth Amendment right against self-incrimination at this late juncture in this case. The SEC should have completed fact witness depositions in this matter, including those of Villalobos and Buenrostro, if it so desired, by April 19, 2013. While the parties may have informally agreed to an extension of this deadline, this extension was *not* authorized by the court as the court certainly would not have endorsed an indefinite extension of the fact witness discovery deadline.

The U.S. also predicates its argument that the SEC will suffer prejudice in the absence of a stay on the fact that the SEC has joined in the U.S.' motion, and therefore, the arguments that the U.S. will suffer prejudice in the absence of a stay apply equally to the SEC. The U.S.' argument of prejudice based in large part on the assertion that allowing discovery to continue in this action while the criminal proceeding is pending will allow the Defendants to access documents and witnesses that they would not otherwise have access to under the criminal discovery rules.

Again, this argument ignores the fact that discovery in this case should have been

---

[10]The phased discovery plan and scheduling order is an anomaly because the first two phases provide for clear deadlines for written discovery and fact witness depositions, but the third phase, which provides a completion date for expert discovery also appears to contemplate other types of discovery.

13

completed by August 16, 2013, and written discovery and fact witness depositions should have been completed before the U.S. sought to intervene and request a stay. Moreover, the U.S. has not adequately addressed Defendants' contention that the investigation and litigation concerning these allegations has been going on, in various related proceedings, for years, and these proceedings have generated not only voluminous documentary evidence but witness testimony taken under oath, including that of Villalobos and Buenrostro. While the U.S. makes general conclusions about the potential for witness intimidation and perjured testimony in the criminal action, it provides no specific details about what discovery it anticipates remains to be taken in this action that would make these theoretical concerns a potential reality in this case. Defendants, on the other hand, assert that they intend to conduct very little discovery in this case in the time remaining to complete discovery. They intend to only take a few remaining percipient witness depositions, along with the deposition of Villalobos, and have already designated their single, jointly-retained expert witness. Under these circumstances, the court cannot find the SEC or U.S. will suffer prejudice if civil discovery is allowed to proceed.

The court concludes that the SEC has not sufficiently demonstrated it will suffer prejudice in the absence of a stay; therefore, this factor weighs against entering a stay of discovery in this action pending resolution of the criminal proceeding.

**ii. Burden on Defendants**

The court cannot conclude that Defendants will be burdened in the absence of a stay.

The U.S. argues that the strongest reason for staying civil discovery pending resolution of a criminal case is when a party to a civil case is also under indictment in a criminal case and is forced to choose between defending their actions in the civil case and denying criminal conduct in the parallel criminal proceeding. (Doc. # 41 at 14.)

Defendants, on the other hand, assert that they will not be burdened in the absence of a stay. Villalobos asserts that he would actually be burdened if a stay *is* entered in this action because it would simply prolong this matter and preclude him from defending himself and pursuing a resolution of the civil claims against him.

The court finds persuasive Villalobos' assertion that a stay would in fact burden him because it would merely serve to prolong this action further. The court is mindful of the mandate of Rule 1 of the Federal Rules of Civil Procedure which provides that the rules, which include the rules governing civil discovery, "should be construed and administered to secure the *just, speedy, and inexpensive determination of every action and proceeding*." Fed. R. Civ. P. 1. Given the fact that no trial date has been set in the criminal matter, and that discovery in this action should be completed on August 16, 2013, the court agrees that a delay in resolution of this action would actually burden Defendants.

In assessing this factor, the court must also consider whether continuing the civil proceeding would unduly burden the Defendants' ability to assert their Fifth Amendment rights. Once again, Villalobos has represented that he will waive his Fifth Amendment rights in this action, and given that Buenrostro has already made statements under oath related to these allegations in other proceedings, the court cannot conclude that continuing with this action will adversely impact his ability to assert his rights.

In sum, the court finds that this factor weighs against entering a stay of civil discovery pending resolution of the criminal proceeding.

### iii. Convenience of the Court and Efficient Use of Judicial Resources

The court should generally avoid undue delays in proceedings. *See*, *e.g.*, Fed. R. Civ. P. 1. Therefore, the expeditious resolution of this matter is preferable for the court's docket. The procedural posture of this matter provides an additional for reason for denying a stay of civil discovery. As discussed previously, the parties entered into a stipulated discovery plan and scheduling order in October of 2012, with the last phase of discovery originally to be completed by July 18, 2013, and then extended to August 16, 2013. (Doc. # 31.) When the court agreed to extend the discovery completion date to August 16, 2013, it advised the parties that there would be no further extensions. (Doc. # 30.) Nevertheless, the SEC now joins in a motion that seeks to extend the discovery completion deadline until thirty days after the criminal proceeding is resolved. A trial date has not even been set in the criminal proceeding. Moreover, the U.S. and

15

the SEC do not address what happens to discovery in this case in the event there is a delay in the trial of the criminal proceeding or if an appeal is taken in the criminal proceeding. Nor do they address what effect the entry of a stay on civil discovery will have on calendaring and scheduling in this case in general.

The court recognizes that other courts have concluded that a stay in a parallel civil proceeding that is in its early stages may prove more efficient in the long-run because a criminal action may streamline discovery for the civil proceeding. In this case, however, between discovery conducted in this action and the government investigations and discovery taken in related actions, the amount of testimony and documentary evidence exchanged between the parties is quite substantial. Moreover, the parties stipulated to a discovery completion date of August 16, 2013; therefore, the parties have had ample time to conduct discovery in this action. Thus, the court concludes that this factor weighs against the entry of a stay.

### iv. Interests of Third Parties

The court finds that the interests of third parties, including third-party witnesses, weigh against a stay of civil discovery. The court is unpersuaded by the U.S.' argument that third-party witnesses would save time, effort and money if they have to participate in parallel proceedings. In consideration of the fact that the SEC is among the parties who have conducted investigations and/or has already taken testimony of third-party witnesses related to the allegations that are the subject of the civil case, the court cannot conclude that a stay of civil discovery would significantly lighten the burden of third parties to participate in this proceeding. When considered in connection with the provision in the stipulated discovery plan and scheduling order that fact witness depositions should have been completed in April of 2013, before the U.S. sought to intervene to stay discovery in this matter, the court finds this argument particularly unavailing. Therefore, the court concludes that this factor weighs against entering a stay of civil discovery pending resolution of the criminal proceeding.

///

### v. Public Interest

Finally, while the court acknowledges the importance of the public interest argument asserted by the U.S. and SEC that criminal defendants should not be able to gain an unfair advantage in a criminal prosecution by utilizing civil discovery or otherwise circumventing the rules applicable to criminal proceedings, the U.S. and SEC have not demonstrated this is a likelihood in this case. A significant portion of discovery in this case has been or should have already been completed. Defendants indicate they have only limited discovery remaining to complete and have already disclosed their single, jointly-retained expert. Moreover, significant investigations and discovery have occurred relative to these allegations in related proceedings, including bankruptcy proceedings and an action by the California Attorney General. These proceedings have resulted in the production of voluminous documents related to this action as well as the testimony of various witnesses, including the Defendants. The U.S. and SEC do not contend that they do not have or cannot obtain access to the materials unearthed in these related proceedings. With these facts in mind, it is unlikely that Defendants will be able to conduct further discovery in this action that would allow them to gain an unfair advantage in the criminal prosecution. As a result, the court concludes that the public interest factor weighs against entering a stay of civil discovery in this action.

In sum, the court finds that the implication on Defendants' Fifth Amendment rights as well as the other *Keating* factors militate against a stay of civil discovery.

///
///
///
///
///
///
///
///

### III. CONCLUSION

The U.S.' motion to stay discovery pending resolution of the criminal proceeding is **DENIED**; however, discovery will remain stayed pending resolution of any objections to this order by District Judge Miranda M. Du. To that end, any objection to this order must filed on or before **August 2, 2013**. Any response to an objection must be filed no later than **ten days after the filing of the objection**. In the event an objection to this order is **not** filed by August 2, 2013, the stay on discovery will be considered lifted as of August 3, 2013, and the court will set a further status conference.

**IT IS SO ORDERED**.

DATED: July 16, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE