1
2
3
4
5
6                           UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9   SECURITIES AND EXCHANGE                 Case No. 3:12-cv-00221-MMD-WGC
    COMMISSION,
10
                      Plaintiffs,                      ORDER
11
        v.                                   (Intervenor's Objections or Motion for
12                                           District Judge to Reconsider Magistrate
    ARVCO CAPITAL RESEARCH, LLC,              Judge Order – dkt. no. 54)
13   ARVCO FINANCIAL VENTURES, LLC,
    ALFRED J.R. VILLALOBOS and
14   FEDERICO R. BUENROSTRO,

15                      Defendants,

16        and

17   UNITED STATES OF AMERICA,

18                      Intervenor.

19
20   I.      SUMMARY

21          Intervenor United States of America objects to, and asks the Court to reconsider,

22   Magistrate Judge William G. Cobb's order denying its motion to stay discovery in this

23   case pending resolution of a concurrent criminal proceeding. Because the Court finds

24   that Judge Cobb did not commit clear error and that the Order is not contrary to law,

25   Intervenor's Objections re LR IB 3-1 or Motion for District Judge to Reconsider Order

26   ("Objection") (dkt. no. 54) is denied.

27   II.     BACKGROUND

28

A full factual and procedural history of this case is set out in Judge Cobb's July 16, 2013, order ("Judge Cobb's Order"). (Dkt. no. 53.) Judge Cobb's Order denied the U.S.'s motion to stay discovery pending resolution of a criminal case in the Northern District of California. (*Id.* at 1–2.) The criminal action is proceeding against Defendants Alfred Villalobos and Federico Buenrostro, Jr., and involves similar allegations to this case. (*Id.*) Judge Cobb's Order temporarily stayed discovery pending the Court's resolution of parties' objections. (*Id.* at 18.)

On July 31, 2013, the U.S. timely filed an objection to Judge Cobb's Order (dkt. no. 54) and Plaintiff Securities and Exchange Commission joined (dkt. no. 55). The Objection asks the Court to review Judge Cobb's review *de novo* and grant the U.S.'s request for a stay or, in the alternative, find that Judge Cobb's order contains clear errors of law and fact. (Dkt. no. 54 at 1–2.) Defendants Arvco Capital Research, LLC., Arvco Financial Ventures, LLC., and Alfred J.R. Villalobos ("Responding Defendants") filed a response ("Response"). (Dkt. no. 57.)

## III. DISCUSSION

### A. Standard of Review

The initial question before the Court is what standard of review should be applied in reviewing Judge Cobb's Order. The U.S. argues that Judge Cobb's Order should be reviewed *de novo* because it has "crucial implications" for the "claims and defenses of the parties to this action." (*Id.* at 5.) Responding Defendants argue that the statutes and case law indicate that a "clearly erroneous or contrary to law" standard is appropriate because the motion at issue is non-dispositive. (*See* dkt. no. 57 at 3–6.) The Court finds that the "clearly erroneous or contrary to law" standard of review is proper in this case.

LR IB 1-3 provides that "[a] magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." The determination of whether to stay discovery is not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A). LR IB 3-1(a) further provides that "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal

1    case pursuant to LR IB 1–3 where it has been shown that the magistrate judge's ruling is

2    clearly erroneous or contrary to law." A decision as to whether to stay discovery may be

3    finally determined by a magistrate judge under LR IB 1-3, and thus the Court may

4    reconsider Judge Cobb's Order if it is "clearly erroneous or contrary to law" under LR IB

5    3-1(a).

6        The U.S. correctly points out that the specifically enumerated exceptions in 28

7    U.S.C. § 636(b)(1)(A) are not an "exhaustive list of all of the pretrial matters that are

8    excepted from the magistrate judge's authority." (Dkt. no. 54 at 4–5 (quoting *United*

9    *States v. Rivera-Guerrero*, 377 F.3d 1064, 1067 (9th Cir. 2004).) A magistrate judge's

10   authority depends on whether the matter is dispositive or non-dispositive of a claim or

11   defense of a party. *See Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th

12   Cir.1990). "[A]ny motion not listed, *nor analogous to a motion listed* in [28 U.S.C. §

13   636(b)(1)(A)], falls within the non-dispositive group of matters which a magistrate may

14   determine." *Id.* at 748 (emphasis added). The court in *Rivera-Guerrero* found that a

15   motion to involuntarily medicate defendant "is dispositive of a claim or defense of a

16   party" in that it resolves the defendant's assertion that he is not competent to stand trial.

17   377 F.3d at 1069. Consequently, the court concluded that the motion is "not among the

18   pretrial matters that can be fully delegated to the magistrate judge under [28 U.S.C.] §

19   636(b)(1)(A)." *Id.*

20        Here, Judge Cobb's Order denying the U.S.'s motion to stay discovery is not

21   dispositive of any of the SEC's claims or Defendants' defenses. The Order addresses a

22   stay of discovery, which is a quintessential pretrial matter. While any discovery decision

23   is bound to affect the litigation in some capacity, none of the parties' stated claims and

24   defenses are effectively resolved or foreclosed by Judge Cobb's Order.

25        The Court concludes that the determination of whether to stay discovery in this

26   action pending resolution of the criminal matter is not listed in 28 U.S.C. § 636(b)(1)(A)

27   and is not dispositive. Thus, the Court may only reconsider Judge Cobb's Order if it is

28   clearly erroneous or contrary to law. *See* LR IB 3–1(a); Fed. R. Civ. P. 72(a) ("When a

pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.")

This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir.2010) (quotation omitted). The order "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D.Cal.2007). The Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991).

### B.    Motion for Stay of Discovery

#### 1.    Legal Standard

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. There is no requirement that "before proceedings in one suit may be stayed to abide the proceedings in another[ ] the parties to the two causes must be shown to be the same and the issues identical." *Id.* at 254.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995). Nevertheless, a court is within its discretion to order a stay in the civil proceedings where the interests of justice so require. *Id.* This determination is case-specific and "particular [to the] circumstances and competing interests involved in the case." *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir.1989).

1  In addition to the Fifth Amendment concerns of the criminal defendant, the Court
2  considers the following factors in ruling on a stay: "(1) the interest of the plaintiffs in
3  proceeding expeditiously with this litigation or any particular aspect of it, and the
4  potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of
5  the proceedings may impose on defendants; (3) the convenience of the court in the
6  management of its cases, and the efficient use of judicial resources; (4) the interests of
7  persons not parties to the civil litigation; and (5) the interest of the public in the pending
8  civil and criminal litigation." *Keating*, 45 F.3d at 325.

9          **2.      Analysis**

10         After reviewing Judge Cobb's Order, the Objection and the Response, the Court
11  determines that Judge Cobb's Order was not clearly erroneous or contrary to law.

12         In denying the U.S.'s motion to stay under the *Keating* standard, Judge Cobb's
13  Order finds that Defendants Fifth Amendment rights will not be significantly implicated
14  because Villalobos has stated that he is waiving his Fifth Amendment right against self-
15  incrimination in this litigation and Buenrostro has given testimony under oath in related
16  actions involving the issues in this litigation. (Dkt. no. 53 at 11.) As to the *Keating* factors,
17  Judge Cobb found that: (1) the SEC will not suffer prejudice in the absence of a stay
18  because, in addition to the fact that Villalobos has stated that he is waiving his Fifth
19  Amendment right against self-incrimination in this litigation, investigation and litigation
20  concerning Defendants and the allegations in this case have been going on for years in
21  various proceedings and have produced voluminous documentary evidence and
22  testimony from Villalobos and Buenrostro taken under oath, the SEC had ample time
23  prior to the criminal indictment to conduct discovery, and Defendants only intend to
24  conduct minimal discovery going forward; (2) Defendants would be burdened by further
25  delay in resolving this case and do not face significant Fifth Amendment implications if a
26  stay is not granted; (3) the expeditious resolution of this case is preferable for the
27  convenience of the Court as the parties have conducted substantial discovery in this
28  case and related actions, and the parties were informed that there would be no

discovery deadline extensions;[1] (4) a stay would not necessarily benefit third party witnesses because the SEC has investigated these issues and taken testimony of third party witnesses in other proceedings; and (5) the public interest factor weighs against a stay because, given the amount of discovery material that the SEC and U.S. already have access to, it is unlikely that Defendants will be able to conduct further discovery in this case that will give them an unfair advantage in the criminal proceeding. (*See* dkt. no. 53.)

The U.S. argues that the following aspects of Judge Cobb's Order are clearly erroneous and contrary to law: (1) the interpretation of the absence of burden on the SEC; (2) the misconstruction of the meaning of "burden" as to the Defendants; (3) the failure to weigh the burden on the Defendants against the burden on the SEC; and (4) the disregard of the burden on Buenrostro. (Dkt. no. 54 at 15, 17.) In making its arguments, the U.S. mistakenly treats the *Keating* factors as rigid elements that must be applied in an exact way. *Keating* acknowledges that the factors are general considerations and the decision to stay civil proceedings is a discretionary one that must be made "in light of the particular circumstances" in each case. 45 F.3d at 324 (citations omitted).

The U.S. argues that the burden on the SEC should have been analyzed in terms of whether the SEC would be burdened by a stay in the proceedings. In that connection, the U.S. argues that the lack of prejudice to the SEC as a result of a delay should have weighed in favor of granting the stay, or should have been considered neutral, instead of weighing against the stay. (*Id.* at 15.) Judge Cobb's Order correctly identifies the relevant *Keating* factor as "the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay." (Dkt. no. 53 at 10.) Judge Cobb's Order also notes that the SEC filed a joinder to

---

[1] In its Objection filed on July 31, 2013, the U.S. erroneously represents that discovery in this case is "not set to close for months." (Dkt. no. 54 at 6.) However, discovery was set to close on August 16, 2013, about two weeks, not months, from the filing of the Objections. (Dkt. no. 53 at 3–4.)

the U.S.'s motion to stay discovery. (*See id.* at 1; *see also* dkt. no. 42.) Given that the SEC thus advocated for a stay of discovery, Judge Cobb's Order properly considers whether the SEC would suffer any prejudice if the motion to say were denied, and whether Defendants would suffer any prejudice if the motion were granted. The Order finds that the SEC would not be burdened by the absence of a stay and that Defendants would be burdened by a stay. (Dkt. no. 53 at 12–15.) The Order weighs this against staying the proceedings. The Court finds that this analysis is consistent with the *Keating* framework of analyzing the interest of the SEC in proceeding expeditiously as well as the "competing interests involved in the case." *Keating*, 45 F.3d at 324 (citing *Molinaro*, 889 F.2d at 902).

The U.S. makes a similar argument with regard to the burden on Defendants. The U.S. asserts that Judge Cobb's Order should have analyzed the burden on Defendants in the absence of a stay, not the burden on Defendants if a stay were to be granted. (Dkt. no. 54 at 18.) Judge Cobb's Order correctly identifies the relevant *Keating* factor as "the burden which any particular aspect of the proceedings may impose on defendants." (Dkt. no. 53 at 10.) The Order explicitly considers the effect of the criminal proceeding on the Defendants. It concludes that Villalobos and Buenrostro's Fifth Amendment rights would not be significantly implicated by the concurrent criminal proceeding. (*Id.* at 11, 15.) Judge Cobb's Order further finds that Defendants would be burdened if a stay were granted. (*Id.* at 15.) Such an analysis is appropriate to considering the competing interests between the SEC, advocating for the stay, and Defendants.

As to the weighing of the burden on the SEC and the Defendants, the U.S. argues that Judge Cobb's Order fails to consider the public's "interest in law enforcement and the integrity of criminal proceedings." (*Id.*) Specifically, the U.S. focuses on the unfair advantage the Defendants receive in getting broader discovery than they would in the criminal proceeding. (*Id.*) Judge Cobb's Order does address this argument and finds that it is unlikely that Defendants will gain an unfair advantage in this case due to the large amount of previous production and the small amount of discovery that remains to be

conducted by Defendants. (Dkt. no. 53 at 17.) The Order concludes that this finding weighs against granting a stay. (*Id.*)

Finally, the U.S.'s contention that Judge Cobb's Order "fails to assess the parties' respective Fifth Amendment rights" (dkt. no. 54 at 19) is incorrect. Judge Cobb's Order finds that Fifth Amendment rights will not be significantly implicated because Villalobos has stated that he is waiving his Fifth Amendment right against self-incrimination in this litigation and Buenrostro has given testimony under oath in related actions involving the issues in this litigation. (Dkt. no. 53 at 11.) While the U.S. is correct that Fifth Amendment issues may still arise as a result of conducting both proceedings simultaneously, Judge Cobb's Order properly notes that "the Ninth Circuit has expressly stated that it is completely permissible to conduct these proceedings simultaneously, even if it means that one of the defendants will be forced to choose whether or not to invoke the Fifth Amendment in this action." (*Id.* (citing *Keating*, 45 F.3d at 326).) The U.S. further argues that a court's finding that there is no significant Fifth Amendment rights implications must be deemed to be "neutral" and have no impact on the analysis. (Dkt. no. 54 at 19.) The Court is not aware of any authority that states that an analysis of Fifth Amendment rights under *Keating* may only be weighed in favor of the movant or considered neutral. Such a rule cannot be squared with the discretionary nature of a stay determination and the general nature of the *Keating* factors. In analyzing the competing interests at stake in light of the particular circumstances of this case, Judge Cobb's Order found that the lack of a Fifth Amendment burden on the Defendants in the absence of a stay weighs in favor of denying the motion. (Dkt. no. 53 at 15.) The Court cannot conclude this was clear error or contrary to law.

The U.S.'s remaining arguments regarding the efficiency of staying discovery until the criminal proceeding is resolved asks the Court to substitute its own judgment for that of Judge Cobb. (Dkt. no. 54 at 20–23.) The U.S. makes affirmative arguments as to why it would be a better use of judicial resources, as well as more convenient for witnesses, for the Court to stay discovery, but the U.S. does not argue that Judge Cobb's Order was

in clear error or contrary to law on these points. Indeed, these arguments would apply in nearly all cases involving concurrent civil and criminal actions and, if accepted, would require a stay in virtually every case without the need to consider the *Keating* factors. Given the depositions and investigations already conducted, the discovery material already available and the potential lengthy delay in resolving this case, Judge Cobb's Order properly concluded that the Court's interest in expeditious resolution weighs against a stay, and that the effect on third party witnesses is the same either way. (Dkt. no. 53 at 15–16.) As the Court is not engaging in *de novo* review, the Court will not reconsider Judge Cobb's analysis merely because the U.S. disagrees with the result.

After reviewing Judge Cobb's Order, the parties' arguments and the record, the Court is not left with the "definite and firm conviction that a mistake has been committed." *See Ressam*, 593 F.3d at 1118. The U.S.'s objections are thus considered and overruled, and its motion for reconsideration is denied.

## IV.  CONCLUSION

It is therefore ordered that Intervenor's Objections re LR IB 3-1 or Motion for District Judge to Reconsider Order (dkt. no. 54) is overruled and denied. The temporary stay of discovery is lifted.

Dated this 6th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE