1  LYNN M. DEAN, Cal. Bar No. 205562
   Email: deanl@sec.gov
2  DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
   Email: vanhavermaatd@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Michele Wein Layne, Regional Director
5  Lorraine Echavarria, Associate Regional Director
   John W. Berry, Regional Trial Counsel
6  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036
7  Telephone: (323) 965-3998
   Facsimile: (323) 965-3908
8

9
                    UNITED STATES DISTRICT COURT
10
                         DISTRICT OF NEVADA
11

12
   SECURITIES AND EXCHANGE              Case No.  12-CV-00221-MMD-WGC
13 COMMISSION,
                                        **JUDGMENT AS TO DEFENDANT**
14                                      **FEDERICO BUENROSTRO**
                  Plaintiff,
15
            vs.
16
   ARVCO CAPITAL RESEARCH,
17 LLC, ARVCO FINANCIAL
   VENTURES, LLC, ALFRED J.R.
18 VILLALOBOS, and FEDERICO
   ("FRED") R. BUENROSTRO,
19
20                Defendants.

21

22

23

24

25

26

27

28

The Securities and Exchange Commission having filed a Complaint and Defendant Federico Buenrostro having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment; and Defendant having admitted the facts set forth in the Consent of Federico Buenrostro and acknowledged that his conduct violated the federal securities laws:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from

1

violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

        (a)     to employ any device, scheme, or artifice to defraud;

        (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

        (c)     to engage in any act, practice, or course of business which operates or would  operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to 21A of the Exchange Act, [15 U.S.C. § 78u-1].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from October 1, 2010 based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal

2

Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated:   April 7, 2015

_____

UNITED STATES DISTRICT JUDGE