UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:12-cv-00221-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| ARVCO CAPITAL RESEARCH, LLC, ARVCO FINANCIAL VENTURES, LLC, ALFRED J.R. VILLALOBOS and FEDERICO R. BUENROSTRO, | |
| Defendants, and | |
| UNITED STATES OF AMERICA, | |
| Intervenor. | |

**I.    SUMMARY**

Defendants object to Magistrate Judge William G. Cobb's order ("Order") (dkt. no. 93) denying Defendants' motion to compel and ask the Court to reconsider the Order ("Objection"). (Dkt. no. 95.)  The Court finds that Judge Cobb's Order was not clearly erroneous or contrary to law, and overrules Defendants' Objection.

**II.    BACKGROUND**

A full factual and procedural history is set out in Judge Cobb's detailed Order. (Dkt. no. 93.)  Judge Cobb denied Defendants' motion to compel a third-party witness, Dustin Fox, to answer questions at a deposition.  Mr. Fox had earlier indicated that he would not assert his Fifth Amendment protection against self-incrimination, but Mr. Fox

subsequently changed his mind and communicated through his counsel that he would after all assert his Fifth Amendment rights in his deposition. Judge Cobb found that Mr. Fox's agreement to waive, without actual disclosure, does not constitute a waiver of his Fifth Amendment rights. On October 24, 2014, Defendants timely filed an objection to Judge Cobb's Order. (Dkt. no. 95.)

### III.  STANDARD OF REVIEW

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.") The determination of whether to compel deposition testimony, including resolution of waiver of privilege, is not specifically enumerated in 28 U.S.C. § 636(b)(1)(A), but this type of discovery dispute is a quintessential pretrial matter and is not case dispositive. Thus, the Court may only reconsider Judge Cobb's Order if it is clearly erroneous or contrary to law. *See* LR IB 3-1(a); Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a judge to hear and decide . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.")

This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (internal quotation marks and citation omitted). The reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

///

## IV. DISCUSSION

The Court will first address the documents filed in connection with the Objection. The United States filed a motion for leave to file a response. (Dkt. nos. 96, 97.) Good cause appearing, the Court grants the United States' motion and will consider its response. Defendants submitted a reply without leave of court. (Dkt. no. 98.) LR IB 3-1(a) only permits the filing of an objection and response. The Court will therefore strike Defendants' reply as improperly filed.

Turning to the Objection, in his thorough Order Judge Cobb determined that since Mr. Fox had not yet testified in his deposition and there was no subsequent disclosure of privileged information, Mr. Fox had not waived his Fifth Amendment rights. (Dkt. no. 93.) To reach this conclusion, Judge Cobb relied on two Ninth Circuit cases, *Tennenbaum* and *Anderson*. (*Id.* at 12-16.) In *Tennenbaum*, the Ninth Circuit held that mere intention or promise to the waive attorney-client privilege does not constitute waiver, and stressed that actual disclosure of privileged information is the triggering event. *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 341 (9th Cir. 1996). One month later, the Ninth Circuit in *Anderson* held that defendant waived his Fifth Amendment rights because he "not only promised to waive the privilege against self-incrimination but also did in fact testify and produce documents without asserting the privilege." *United States v. Anderson*, 79 F.3d 1522, 1527 n.7 (9th Cir. 1996). In a footnote, the *Anderson* court noted that it need not decide whether the letter itself, which explicitly expressed defendant's desire to waive his Fifth Amendment rights, would suffice as a waiver, and followed it with a "*cf*" citation to *Tennenbaum*. *Id.*

Judge Cobb advanced two reasons as to why *Tennenbaum*'s reasoning in an attorney-client privilege context applies to consideration of waiver of the Fifth Amendment right against self-incrimination. First, had the *Anderson* court found that defendant's letter explicitly expressing his desire to waive his Fifth Amendment rights constituted a waiver, the *Anderson* court would not have continued its analysis to also consider defendant's actual testimony and reach its conclusion on both grounds. (Dkt.

3

1  no. 93. at 15-16.) Second, the *Anderson* court's "*cf*" citation to *Tennanbaum* confirms
2  that the Ninth Circuit found no significant distinction between the attorney-client privilege
3  and the Fifth Amendment privilege in the waiver context. (*Id.*)

4　　Defendants essentially argue that Judge Cobb erred in finding no distinction
5  between the attorney-client privilege and the Fifth Amendment privilege because the
6  Supreme Court has held that the attorney-client privilege serves a broader purpose.
7  (Dkt. no. 95 at 6.) In *Swidlner*, defendant asked the Supreme Court to suspend
8  posthumous application of the attorney-client privilege because the attorney-client
9  privilege is analogous to Fifth Amendment rights. *Swidlner & Berlin v. United States*, 524
10 U.S. 399, 407 (1998). The Supreme Court disagreed and held that "the [attorney-client]
11 privilege serves much broader purposes." *Id*. The Supreme Court explained that
12 "[c]lients consult attorneys for a wide variety of reasons, only one of which involves
13 possible criminal liability." *Id*. In other words, the Supreme Court decided that the
14 attorney-client privilege is not analogous to the Fifth Amendment privilege, not because
15 the two are of different natures but because they serve different purposes. By deciding
16 that the attorney-client privilege serves more expanded purposes, the Supreme Court
17 implicitly recognized that the attorney-client privilege encompasses purposes that the
18 Fifth Amendment privilege serves. It is therefore only logical to extend to the Fifth
19 Amendment privilege any protection afforded to preserve the attorney-client privilege
20 since the Fifth Amendment privilege serve the same, albeit more limited, purposes than
21 the attorney-client privilege. To allow waiver of Fifth Amendment rights without actual
22 disclosure is to afford less protection to Fifth Amendment rights than to the attorney-
23 client privilege.

24　　Next, Defendants argue that the "*cf*" designation, contrary to Judge Cobb's
25 interpretation, shows that the *Anderson* court would have agreed that the express waiver
26 itself was sufficient, notwithstanding the *Tennenbaum*'s ruling. (Dkt. no. 98 at 3.)
27 According to the Bluebook, "*cf*" is a signal that indicates support. It states that "[c]ited
28 authority supports a proposition different from the main proposition but sufficiently

1  analogous to lend support." (BB 1.2(a).)  *Tennanbaum*'s proposition is that express
2  waiver of the attorney-client privilege, absent actual disclosure of privileged information,
3  is insufficient to constitute waiver. *Tennenbaum*, 77 F.3d at 341. *Anderson*'s proposition
4  is that express waiver of one's Fifth Amendment rights was effective because actual
5  disclosure had occurred. *Anderson,* 79 F.3d at 1527. Therefore, the Court reads
6  *Anderson* as stating that while the cited decision of *Tennanbaum* is different from
7  *Anderson* in that the former involves the attorney-client privilege and the latter involves
8  Fifth Amendment rights, the *Tennanbaum* court's determination that actual disclosure is
9  required lends support to the *Anderson*'s court holding that waiver of Fifth Amendment
10 rights was effective given actual disclosure.  The *Anderson* court chose not to use a "*but
11 cf*" citation, which would have indicated, as Defendants argue, that the "[c]ited authority
12 supports a proposition analogous to the contrary of the main proposition." (BB 1.2(c))
13 Lastly, Defendants interpret the purpose of the "*cf*" citation to *Tennenbaum* to mean
14 "there can be no question that under any circumstance an agreement to waive coupled
15 with actual testimony must be sufficient." (Dkt. no. 95 at 10.) This reading would render
16 the "*cf*" citation uncalled for since there was never any disagreement on whether
17 expressive waiver coupled with actual disclosure suffices as a valid waiver.

18      Defendants also erroneously rely on *Davis v. Fendler,* 650 F.2d 1154 (9th Cir.
19 1981) to suggest that Fox failed to timely assert his Fifth Amendment rights. In *Davis*,
20 defendant did not assert his Fifth Amendment rights to object to a set of interrogatories
21 for fifteen months after the interrogatories were propounded. *Id.* at 1160. The *Davis* court
22 relied on Fed. R. Civ. P. 33, which provides that failure to object to interrogatories within
23 the time fixed by the civil rules constitutes a waiver of an objection, even if said objection
24 is that the information sought is privileged. *Id.* (citation omitted). Rule 33 is not implicated
25 here.

26      The Court agrees with Judge Cobb's finding that unless Mr. Fox is posed with
27 actual questions, Mr. Fox could not have known if his Fifth Amendment rights would be
28 implicated, let alone objecting to them. (Dkt. no. 93 at 18.) Judge's Cobb's ruling that Mr.

Fox's assertion of his Fifth Amendment rights prior to his deposition was timely is therefore neither erroneous nor contrary to law.

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Object.

It is therefore ordered that Defendants' objection (dkt. no. 95) is overruled and denied. The Court finds that Judge Cobb's Order is not clearly erroneous or contrary to law and declines to reconsider his Order.

It is ordered that the United States' request for leave to file a response (dkt. nos. 96, 97) is granted.

It is further ordered that Defendants' reply brief (dkt. no. 98) is stricken for failure to comply with LR IB 3-1(a).

DATED THIS 17th day of August 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE