DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
E-mail: vanhavermaatd@sec.gov
LYNN M. DEAN, Cal. Bar 205562
E-mail: deanl@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone:  (323) 965-3998
Facsimile:   (213) 443-1904

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ARVCO CAPITAL RESEARCH, LLC, ARVCO FINANCIAL VENTURES, LLC, ALFRED J.R. VILLALOBOS, and FEDERICO ("FRED") R. BUENROSTRO,<br><br>　　　　　Defendants. | Case No. 3:12-cv-00221-MMD-WGC<br><br>**CONSENT OF ARVCO FINANCIAL VENTURES, LLC** |

**CONSENT OF DEFENDANT ARVCO FINANCIAL VENTURES, LLC**

1.      Defendant ARVCO Financial Ventures, LLC ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; and Section 10(b) Exchange Act, [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder, [17 C.F.R.§ 240.10b-5].

3.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

5.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

7.      Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice

1  to Defendant of its terms and conditions.  Defendant further agrees to provide
2  counsel for the Commission, within thirty days after the Judgment is filed with the
3  Clerk of the Court, with an affidavit or declaration stating that Defendant has
4  received and read a copy of the Judgment.

5      9.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the
6  claims asserted against Defendant in this civil proceeding.  Defendant
7  acknowledges that no promise or representation has been made by the Commission
8  or any member, officer, employee, agent, or representative of the Commission with
9  regard to any criminal liability that may have arisen or may arise from the facts
10 underlying this action or immunity from any such criminal liability.  Defendant
11 waives any claim of Double Jeopardy based upon the settlement of this proceeding,
12 including the imposition of any remedy or civil penalty herein.  Defendant further
13 acknowledges that the Court's entry of a permanent injunction may have collateral
14 consequences under federal or state law and the rules and regulations of self-
15 regulatory organizations, licensing boards, and other regulatory organizations.
16 Such collateral consequences include, but are not limited to, a statutory
17 disqualification with respect to membership or participation in, or association with
18 a member of, a self-regulatory organization.  This statutory disqualification has
19 consequences that are separate from any sanction imposed in an administrative
20 proceeding.  In addition, in any disciplinary proceeding before the Commission
21 based on the entry of the injunction in this action, Defendant understands that it
22 shall not be permitted to contest the factual allegations of the complaint in this
23 action.

24     10.    Defendant understands and agrees to comply with the terms of 17
25 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to
26 permit a defendant or respondent to consent to a judgment or order that imposes a
27 sanction while denying the allegations in the complaint or order for proceedings,"
28 and "a refusal to admit the allegations is equivalent to a denial, unless the

defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party, that in effect constitute direct or indirect denials of the allegations in the complaint in this action.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

ARVCO Financial Ventures, LLC

By: /s/ Christina Lovato, SOLELY AS CHAPTER 7 TRUSTEE AND NOT AS AN INDIVIDUAL
Christina Lovato
Chapter 7 Trustee

STATE OF NEVADA
COUNTY OF WASHOE

On 7 JANUARY, 2016, Christina Lovato, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of ARVCO Financial Ventures, LLC as its Chapter 7 Trustee.

/s/ Andrew S. Yankton
Notary Public
Commission expires: 07/01/2017

NOTARY PUBLIC
STATE OF NEVADA
County of Washoe
ANDREW S. YANKTON
No: 13-11324-2
My Appointment Expires July 1, 2017

Approved as to form:

/s/ Marc Rohatiner
MARC ROHATINER
Attorney for Defendants
ARVCO Capital Research, LLC,
ARVCO Financial Ventures, LLC,
and Alfred J.R. Villalobos

5

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

[X]  U.S. SECURITIES AND EXCHANGE COMMISSION, 444 S. Flower Street, Suite 900, Los Angeles, California 90071

Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On January 8, 2016, I caused to be served the document entitled **CONSENT OF ARVCO FINANCIAL VENTURES, LLC** on all the parties to this action addressed as stated on the attached service list:

[ ]  **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ]  **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ]  **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]  **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[X]  **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]  **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]  **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]  **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

[X]  **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.


Date: January 8, 2016                         */s/ Lynn M. Dean*
                                               Lynn M. Dean

**SEC v. ARVCO CAPITAL, et al.**
**United States District Court - District of Nevada**
**Case No. 12-CV-00221-MMD-WGC**

SERVICE LIST

Federico Buenrostro **(served via UPS)**
6120 Wycliffe Way
Sacramento, CA 95831
*Pro Se Defendant*

Marc E. Rohatiner, Esq. **(served via CM/ECF)**
Wolf, Rifkin, Shaprio, Schulman & Rabkin, LLP
11400 W. Olympic Boulevard, 9th Floor
Los Angeles, CA 90064
Email:  mrohatiner@wrslawyers.com
*Attorneys for Defendants Alfred J.R. Villalobos, ARVCO Financial Ventures, LLC, and ARVCO Capital Research, LLC*